Charles Lambiase, J.
Defendant has moved ‘ ‘ for an order dismissing the complaint herein and directing that judgment to that effect, with costs and disbursements, be entered herein in favor of the defendant under the provisions of Buie 113 of the Buies of Civil Practice on the ground that the action has no merit and for such other, further and different relief as to the Court may seem just and proper, together with the costs of this motion.”
Plaintiffs have made a cross motion “for an order striking defendant’s answer and directing the entry of summary judgment for plaintiffs upon the cause of action set forth in the Complaint herein, with interest and costs against the defendant and for such other, further and different relief as to the Court may seem just and proper.”
On or about the 27th day of December, 1956 defendant issued and delivered to the plaintiff, Connie Wyatt, an operator’s or nonowner’s policy of automobile liability insurance. This operator’s or nonowner’s policy contains, among other provisions, the following:
“NON-OWNEB POLICY
“ It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, for Property Damage Liability and for Basic Medical Payments applies with respect to the use of any automobile by or on behalf of the Named Insured or his spouse if a resident of the same household, subject to the
following provisions:
# # *
“ 2. The insurance does not apply:
“ (a) to any automobile owned by the Named Insured or a member of the same household other than a private chauffeur or domestic servant of the Named Insured or spouse;
¿t. ji. TP TP TP
‘ ‘ 3. This insurance shall be excess insurance over any other valid and collectible insurance for Bodily Injury Liability, for Property Damage Liability and for Automobile Medical Payments.”
*181 It was written for the specified statutory monetary limitations “ of ten thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit of one person, to a limit of twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and to a limit of five thousand dollars because of injury to or destruction of property of others in any one accident.” (Vehicle and Traffic Law, § 94-q, subd. [b], par. [3].)
On the 14th day of December, 1957 and during the period for which said policy was written, said Connie Wyatt was involved in an accident while driving an automobile owned by his mother, Eva Wyatt, with whom he was residing. Eva Wyatt, at said time, had an owner’s policy of liability insurance in full force and effect on said automobile with the usual statutory monetary limits above set forth.
The plaintiff, Edith Cooper, was injured in said accident and as a result thereof commenced an action against Eva Wyatt and Connie Wyatt resulting in a judgment in her favor and against both defendants in the sum of $22,555.40. The insurance company covering Eva Wyatt, as owner, has paid $10,088.50, and the judgment has been satisfied to that extent. Defendant, Commercial Insurance Company, insuring plaintiff, Connie Wyatt, has refused .to indemnify and to pay to the extent of its coverage under the operator’s or nonowner’s policy issued by it, and to reduce thereby the outstanding balance due and owing under the aforesaid judgment.
The above-entitled action is one for a declaratory judgment declaring in effect that the defendant, to the monetary extent of its coverage under the aforesaid operator’s or nonowner’s policy, is liable to pay the unsatisfied portion of the judgment outstanding against Connie Wyatt in favor of Edith Cooper.
Defendant, after the commencement of the original action, disclaimed any and all responsibility to defendant, Connie Wyatt, and that is its position on this application. It alleges that the policy issued to Connie Wyatt excludes from coverage any and all claims arising by virtue of the operation by the assured of an automobile owned by a member of the same household as of the assured. It maintains that the facts in this case bring it within the exclusion, and it contends that its disclaimer was valid, enforcible, and not in conflict with the law or the public policy of the State of New York, and that plaintiffs’ complaint should be dismissed.
The Legislature determined that it is a matter of grave concern that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor *182 vehicle accidents may be recompensed for the injury and financial loss inflicted upon them. (Vehicle and Traffic Law, § 93, subd. [2] in part.)
It established the minimum statutory limits hereinbefore set forth with reference to each motor vehicle exclusive of interest and costs. This minimum coverage is apparently the basic protection sought to be provided by the Legislature. However, it did not prohibit any insurer from affording coverage more liberal than that required by said minimum provisions for it is provided in subdivision (f) of section 94-q of the Vehicle and Traffic Law that: “ Such motor vehicle liability policy may, however, grant any lawful coverage in excess of or in addition to the coverage herein specified and such excess or additional coverage shall not be subject to the provisions of this article.”
The minimum statutory coverage having been afforded in the instant case by the owner’s policy of automobile liability insurance, in our opinion the coverage provided by the nonowner policy is “ excess insurance ” under subdivision (f) of section 94-q aforesaid, and the contractual exclusion contained in the operator’s or nonowner policy (subd. 3 thereof) is not repugnant to or violative of the statute or of the public policy enunciated by it because “ such excess or additional coverage shall not be subject to the provisions-of this article.” (Vehicle and Traffic Law, § 94-q, subd. [f].) We conclude, therefore, that the exclusory provision is valid.
The motion of the defendant must be and hereby is in all respects granted. The cross motion of the plaintiff is in all respects denied.